UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

FRITZ MAIGNAN,
    Petitioner,

vs.    CASE No. 00-6043-CIV-JORDAN

MICHAEL W. MOORE,    MAGISTRATE JUDGE SORRENTINO
    Respondent.


PETITIONER'S RESPONSE TO LIMITATIONS PERIOD
AS ORDERED BY THIS COURT ON JANUARY 25, 2000

Comes now Petitioner, FRITZ MAIGNAN, In Prose and hereby respectfully makes and files this Response as aforesaid and states as follows:

1. Petitioner's direct appeal from his criminal trial was PER CURIAM AFFIRMED on November 14, 1997. See: Maignan (Fritz) vs State, 701 So.2d 882 (Fla. 4th DCA 1997). The mandate was issued on December 5, 1997. See: Exhibit (A) attached hereto this Response.

2. On June 11, 1998 Petitioner filed a timely Rule 3.850 Motion for Post Conviction Relief Pursuant to Florida Rules of Criminal Procedure, in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida with the Court denying the motion without an evidentiary

(1)



hearing on May 19, 1999. See: Exhibit (B) attached hereto this Response.

3. On June 2, 1999 Petitioner filed a Motion for Rehearing with the Court denying the Motion on June 9, 1999. See: Exhibit (C) attached hereto this Response.

4. On June 23, 1999 Petitioner filed a timely Pro Se Notice of Appeal with the Fourth District Court of Appeal PER CURIAM AFFIRMED the Lower Tribunal denial of Petitioner's Rule 3.850 Motion for Post Conviction Relief on September 29, 1999. See: Exhibit (D) attached hereto this Response.

5. On October 12, 1999 Petitioner filed a timely Pro Se Motion for Rehearing and Motion for Rehearing En Banc with the Fourth District Court of Appeal denying the Motion on November 30, 1999. See: Exhibit (E) attached hereto this Response.

6. On January 7, 2000 Petitioner filed the instant Petition for Writ of Habeas Corpus in this Court. See this Court docket.

7. From December 5, 1997 when Petitioner's direct appeal was finalized to June 11, 1998 when he filed his Rule 3.850 Motion for Post Conviction Relief is 6 months and 5 days. From November 30, 1999 when his Post Conviction Relief was finalized to January 7, 2000 when he filed the instant Petition for Writ of Habeas Corpus in this Court is 1 month and 8 days. By adding the 6 months and 5 days with the 1 month and 8 days it would come to a total of 7 months and 13 days.

Therefore, based upon the above facts and circumstances as related, Petitioner has clearly demonstrated that Title 28 U.S.C. Section 2244(d)(a) occurred within one year from the date the Petition was filed, and it is

(2)

properly before this Court for review, consideration and determination upon the merits of the claim.

WHEREFORE, Petitioner makes and files this Response as aforesaid.

Respectfully submitted,

*Fritz Maignan*

Fritz Maignan #196119

Mail # 4017

Desoto Correctional Institution

P.O. Drawer 1072

Arcadia, Florida 34265

In Prose

### OATH

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 3 day of FeB 2000.

*Fritz Maignan*

Fritz Maignan #196119

(3)

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Petitioner's Response To Limitations Period As Ordered By This Court on January 25, 2000 has been furnished to the Office of the Attorney General, Criminal Division, Department of Legal Affairs, 1655 Palm Beach Lakes Blvd., Third Floor, West Palm Beach, Florida 33401-2299 by U.S. Mail delivery this 3 day of Feb 2000.

*Fritz Maignan*
Fritz Maignan #196119

(4)

# EXHIBIT (A)

# M A N D A T E

from

DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA

FOURTH DISTRICT

This cause having been brought to the Court by appeal, and after due consideration the Court having issued its opinion;

YOU ARE HEREBY COMMANDED that such further proceedings be had in said cause as may be in accordance with the opinion of this Court, and with the rules of procedure and laws of the State of Florida.

WITNESS the Honorable Barry J. Stone, Chief Judge of the District Court of Appeal of the State of Florida, Fourth District, and seal of the said Court at West Palm Beach, Florida on this day.

DATE:             December 5, 1997

CASE NO.:         96-2152

COUNTY OF ORIGIN: Broward

T.C. CASE NO.:    95-14021 CF10B

STYLE:            Fritz Maignan v. State

**RECEIVED**

DEC 9 1997

PUBLIC DEFENDER'S OFFICE
APPELLATE DIVISION
15th JUDICIAL CIRCUIT

**A TRUE COPY**

Marilyn Beuttenmuller, Clerk
District Court of Appeal
Fourth District

ORIGINAL TO:  Hon. Robert E. Lockwood, Clerk

cc:  Public Defender #15
     Attorney General - W. Palm Beach

/CR

EXHIBIT (B)

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT, IN AND FOR
BROWARD COUNTY, FLORIDA

STATE OF FLORIDA,

CASE NO. 95-14021-CF-10B

    Plaintiff,

v.

JUDGE: MARC H. GOLD

FRITZ MAIGNAN,

    Defendant.
_____/

## ORDER REQUIRING THE STATE TO RESPOND TO DEFENDANT'S MOTION FOR POST CONVICTION RELIEF AND DEFENDANT'S MOTION FOR STATUS QUO

**THIS COURT** having considered the Defendant's Motion for Post Conviction Relief, certified June 11, 1998, and Defendant's Motion for Status Quo, undated, hereby orders the State Attorney's Office to file a response no later than 30 days from the date of this Order, with a courtesy copy sent to the undersigned Judge.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 24th day of November, 1998.

MARC H. GOLD
A TRUE COPY

_____
MARC H. GOLD
CIRCUIT COURT JUDGE

Copies furnished:
Mr. Fritz Maignan, DOC # 196119
Desoto Correctional Institution
P.O. Drawer 1072
Arcadia, FL 34265

State Attorney's Office, Broward County, FL

EXHIBIT # 1

EXHIBIT (C)

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

| | |
|---|---|
| STATE OF FLORIDA,<br><br>    Plaintiff,<br><br>vs.<br><br>FRITZ MAIGNAN,<br><br>    Defendant. | CASE NO.: 95-14021CF10B<br><br>JUDGE: MARC H. GOLD |

## ORDER DENYING DEFENDANT'S
## MOTION FOR POST CONVICTION RELIEF

THIS CAUSE, having come before the Court upon Defendant's Motion For Post Conviction Relief, pursuant to Florida Rule of Criminal Procedure 3.850, and the Court having considered same, the State's Response thereto, the Defendant's Motion to Strike State Response, Defendant's Response to State's Response, the appellate briefs, the court file and otherwise being fully advised in the premises, hereby finds as follows:

Defendant, FRITZ MAIGNAN, and his brother, KATAN MAIGNAN, were arrested in Broward County, Florida on August 11, 1995. Both brothers were charged by Information with Conspiracy to Traffic in Cocaine (between 400 grams and 150 kilograms). Katan was also charged with Carrying a Concealed Firearm. The events leading up to the arrest began earlier in August, 1995, in New York, when the Defendants met a man who worked for the DEA as a paid informant. The Defendants were put in touch with a DEA agent and several telephone conversations resulted in both Defendants coming to Fort Lauderdale, Florida to purchase two kilograms of cocaine for $33,000.00.

ATTACHMENT #2

Katan Maignan was arrested in Hallandale, Florida after a meeting with the DEA agent. His car was stopped and a search revealed $1750.00 in cash and a handgun on the floor of the car. Fritz Maignan was arrested several hours later when he returned to the area to look for his brother. No money or cocaine ever changed hands. At the trial of this cause the Defendants testified that they were lured into this crime by the action of the law enforcement officers and that they were not predisposed to be involved in dealing drugs. The entrapment defense failed and both Defendants were found guilty as charged by a jury. The Honorable Robert W. Tyson, Jr. sentenced the Defendants to 15 years in prison with a 15 year mandatory minimum on June 14, 1996. The Defendants both filed appeals in the Fourth District Court of Appeal. On October 1, 1997 both cases were Per Curiam Affirmed and a Mandate was issued on December 5, 1997.

The Defendant in this Motion for Post Conviction Relief alleges that his trial counsel provided ineffective assistance by failing to call the confidential informant as a witness, by insufficiently arguing the Motions for Judgment of Acquittal, by not objecting to the jury instruction on entrapment, by not having moved to dismiss the trafficking charge based on the confidential informants lack of supervision and that the Court erred in admitting recorded telephone conversations into evidence. This Court has thoroughly reviewed the allegations of the Defendant and the law applicable to each issue. The Court finds that the Defendant's claims are without merit and adopts the State's Response along with the attached portions of the record which conclusively refute the Defendant's entitlement to relief. The various allegations of ineffective assistance of counsel do not rise to level required by Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed 674 (1984) and Downs v. State, 453 So.2d 1102

(Fla. 1984). The allegation of error on the part of the court improperly allowing the admission of evidence is not cognizable in a post conviction setting and could have been addressed on direct appeal.

Accordingly, it is hereby,

**ORDERED AND ADJUDGED** that Defendant's Motion for Post Conviction Relief is respectfully, **DENIED**.

The Defendant has thirty (30) days from the date of this Order to file an appeal.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 19th day of May, 1999.

```
_____
MARC H. GOLD
CIRCUIT COURT JUDGE
```

Copies furnished:

Mr. Fritz Maignan, Defendant, DC#196119
DeSoto Correctional Institution
P.O. Drawer 1072
Arcadia, Florida 34265

Assistant State Attorney Joel Silvershein
Broward County Courthouse

EXHIBIT (D)

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT, IN AND FOR
BROWARD COUNTY, FLORIDA

STATE OF FLORIDA,          CASE NO. 95-14021-CF-10B

v.          JUDGE MARC H. GOLD

FRITZ MAIGNAN,

    Defendant.
_____/

## ORDER

**THIS CAUSE** came on to be heard on Defendant's Motion for Rehearing, dated June 2, 1999, and the Court having considered same and having reviewed the Court file herein, and being otherwise duly advised in the premises, it is thereupon

**ORDERED AND ADJUDGED** that the Defendant's Motion for Rehearing is respectfully **DENIED.**

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 7TH day of June, 1999.

MARC H. GOLD
A TRUE COPY

_____
MARC H. GOLD
CIRCUIT COURT JUDGE

Copies furnished:
Mr. Fritz Maignan, DC# 196119 - MN # 4017
Desoto Correctional Institution Annex
P.O. Drawer 1072, Arcadia, FL 34265-1072

Joel Silvershein, Esq., A.S.A., Broward County, FL

ATTACHMENT # 1

EXHIBIT (E)

IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT                                JULY TERM 1999

**FRITZ MAIGNAN,**

Appellant,

v.

**STATE OF FLORIDA,**

Appellee.

CASE NO. 99-2654

Decision filed  **September 29, 1999**

Appeal of order denying rule 3.850 motion from the Circuit Court of the Seventeenth Judicial Circuit, Broward County; Marc H. Gold, Judge; L.T. Case No. 95-14021 CF10B.

Fritz Maignan, Arcadia, pro se.

No appearance required for appellee.

PER CURIAM.

AFFIRMED.

STONE, POLEN and STEVENSON, JJ., concur.

**NOT FINAL UNTIL THE DISPOSITION OF ANY TIMELY FILED MOTION FOR REHEARING.**

# EXHIBIT (F)

IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT, P.O. BOX 3315, WEST PALM BEACH, FL 33402

November 30, 1999

**CASE NO.: 99-2654**
L.T. No. : 95-14021 CF10B

Fritz Maignan         v.         State Of Florida

_____
Appellant / Petitioner(s),                    Appellee / Respondent(s).

**BY ORDER OF THE COURT:**

ORDERED that appellant's motion filed October 15, 1999, for rehearing and motion for rehearing en banc is hereby denied.

I HEREBY CERTIFY that the foregoing is a true copy of the original court order.

Served:

State Attorney- Brow.        Fritz  Maignan        Attorney General-W.P.B.
Public Defender-P.B.

ch

*Marilyn Beuttenmuller*
MARILYN BEUTTENMULLER, Clerk
Fourth District Court of Appeal

