UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6043-Civ-JORDAN
MAGISTRATE JUDGE SORRENTINO

FRITZ MAIGNAN,                          :

       Petitioner,                      :

v.                                      :     **REPORT OF**
                                              **MAGISTRATE JUDGE**
MICHAEL W. MOORE,                       :

       Respondent.                      :
_____

FILED BY _____ D.C.
2000 NOV -2 PM 4:27
CLARENCE HADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA - MIA

## Introduction

Fritz Maignan has filed a _pro se_ petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, attacking the constitutionality of his conviction of conspiracy to traffic in cocaine following a jury trial in Palm Beach County Circuit Court, Case No. 95-14021-CF10B.

This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

For its consideration of this petition (DE#1) and memorandum of law (DE#2), the Court has the responses of the state to an order

to show cause with multiple exhibits (DE#s12,13), and the petitioner's reply (DE#14).

Maignan raises four claims, essentially as follow:

1. The trial court erred in instructing the jury that he had the burden of disproving predisposition beyond a reasonable doubt thereby violating his right to a fair trial. (DE#1 at 5; DE#2 at 1).

2. Ineffective assistance of appellate counsel for withdrawing the issue in his initial brief that the trial court incorrectly instructed the jury on an element of conspiracy where the record clearly showed that the trial court misstated the law in charging the jury on conspiracy to traffic in cocaine by substituting the word "attempt" for the "intent." (DE#1 at 5; DE#2 at 4).

3. The trial court erred in failing to grant a judgment of acquittal where the state did not establish that he conspired to traffic in cocaine. (DE#1 at 6; DE#2 at 7).

4. The trial court erred in failing to grant a judgment of acquittal based on entrapment at the close of the evidence. (DE#1 at 6; DE#2 at 10).

Procedural History

Fritz Maignan and his brother, Katan Maignan, were charged by

Information with conspiracy to traffic in cocaine (Count One). The petitioner's brother was also charged with carrying a concealed firearm (Count Two). (DE#12, Ex.A). Maignan proceeded to jury trial, where he was found guilty as charged. (DE#13, Ex.G). On June 14, 1996, Maignan was sentenced to 15 years imprisonment. (DE#13, Ex.H).

Maignan prosecuted a timely appeal, raising claims one, three, and four of this federal petition. (DE#13, Ex.J). On October 1, 1997, the Court of Appeal affirmed the conviction, without written opinion. Maignan v. State, 701 So.2d 882 (Fla. 4 DCA 1997); (DE#13, Ex.M). Rehearing was denied on November 14, 1997. (DE#13, Ex.O). The mandate issued on December 5, 1997. (DE#13, Ex.P).

On June 11, 1998, Maignan filed a motion for postconviction relief pursuant to Fla.R.Cr.P. 3.850, raising six claims of error by trial counsel. (DE#13, Ex.Q). The trial court adopted the state's response and denied the motion without an evidentiary hearing. (DE#13, Ex.U). Rehearing was denied on June 9, 1999. (DE#13, Ex.W). The denial was affirmed by the Court of Appeal without opinion on September 29, 1999, Maignan v. State, 748 So.2d 281 (Fla. 4 DCA 1999)(table), with the mandate issuing on December

17, 1999. (DE#13, Exs.Y,AA).

This federal petition was timely filed on January 7, 2000.[1] The respondent concedes its timeliness. (DE#10).

## Exhaustion

The respondent correctly argues that claim two as listed above is unexhausted and procedurally barred from federal review in this §2254 proceeding.

Issues raised in a federal habeas corpus petition must have been fairly presented to the state courts and thereby exhausted. Anderson v. Harless, 459 U.S. 4 (1982); Hutchins v. Wainwright, 715 F.2d 512 (11 Cir. 1983). Exhaustion requires that a claim be pursued in the state courts through the appellate process. Leonard v. Wainwright, 601 F.2d 807 (5 Cir. 1979).

In Florida, claims concerning alleged ineffectiveness of appellate counsel are properly brought by way of a petition for

---

[1] See Adams v. U.S., 173 F.3d 1339 (11 Cir. 1999 (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing). (DE#1 at 7).

habeas corpus relief to the appropriate district court of appeal. Fla.R.App.P. 9.140(j). A state petition for habeas corpus alleging ineffective assistance of appellate counsel cannot be filed more than two years after the conviction becomes final on direct review. See Fla.R.App.P. 9.140(j)(3)(B).

When a claim has not been exhausted in the state courts but would be barred if it were presented there, a federal court may rely upon the applicable state rules and bar the claims, since exhaustion would be futile, unless the petitioner can show cause and prejudice or that a fundamental miscarriage of justice will occur. Teague v. Lane, 489 U.S. 288, 297-99 (1991); Kennedy v. Herring, 54 F.3d 678, 684 (11 Cir. 1995); Tower v. Phillips, 7 F.3d 206 (11 Cir. 1993); Gordon v. Nagle, 2 F.3d 385 (11 Cir. 1993); Collier v. Jones, 910 F.2d 770, 773 (11 Cir. 1990); Parker v. Dugger, 876 F.2d 1470 (11 Cir. 1989).

To overcome a procedural bar, a petitioner must demonstrate objective cause for the failure to properly raise the claim and actual prejudice resulting from the error complained of. United States v. Frady, 456 U.S. 152, 168 (1982); Wainwright v. Sykes, 433 U.S. 72 (1977). Maignan fails to show cause and prejudice relating

to claim two of this federal petition, which is therefore procedurally barred.

## Discussion

### Claim One

Maignan asserts that the trial court erred by instructing the jury that he had the burden of disproving predisposition beyond a reasonable doubt, thereby violating his right to a fair trial. (DE#1 at 5; DE#2 at 1). In support of this allegation, Maignan argues that his right to a fair trial was compromised because the jury instruction on entrapment shifted the burden of proof to the defendant.

At trial, the court read the Florida Standard Jury Instruction on entrapment (DE#12, Ex.F at 445), which tracks the language of the state's entrapment statute, Fla.Stat. §777.201 (1987):

> (1) A law enforcement officer, a person engaged in cooperation with a law enforcement officer, or a person acting as an agent of a law enforcement officer perpetrates an entrapment if, for the purpose of obtaining evidence of the commission of a crime, he induces and encourages and, as a direct result, causes another person to engage in conduct constituting such crime by employing methods of persuasion or inducement

> which create a substantial risk that such crime will be committed by a person other than one who is ready to commit it.
>
> (2) <u>A person prosecuted for a crime shall be acquitted if he proves by a preponderance of the evidence that his criminal conduct occurred as a result of an entrapment.</u> The issue of entrapment shall be tried by the trier of fact.

Maignan argues that the jury instruction which tracks <u>Fla.Stat.</u> §777.021 (1987) unconstitutionally shifts the burden of proof to the defense. The statute does not, as the petitioner argues, unconstitutionally relieve the state of proving intent, an essential element of the crime. Predisposition and intent are distinct, albeit related concepts. Demonstrating a lack of predisposition, therefore, does not demonstrate lack of intent; requiring the defendant who asserts the defense of entrapment to prove that he was not <u>predisposed</u> to commit the crime does not relieve the state of the burden of proving that the defendant had formed the requisite intent to commit the crime. See <u>Herrera v. State</u>, 594 So.2d 275, 278 (Fla. 1992).

On federal habeas corpus review, alleged errors in a state court's jury instructions form no basis for relief unless they are so prejudicial as to render the trial fundamentally unfair. <u>Jones v. Kemp</u>, 794 F.2d 1536 (11 Cir. 1986); <u>Bryan v. Wainwright</u>, 588

F.2d 1108 (5 Cir. 1979); Pleas v. Wainwright, 441 F.2d 56 (5 Cir. 1971). A jury charge is adequate if, viewed as a whole, it fairly and correctly states the issues and law. United States v. Russell, 717 F.2d 518, 521 (11 Cir. 1983); United States v. Bosby, 675 F.2d 1174, 1184 (11 Cir. 1982). The jury instruction on entrapment in Maignan's case fairly and correctly stated Florida law and did not prejudice the defense. Moreover, the jury was also given the standard instruction that the state was required to prove beyond a reasonable doubt all of the elements of the offense of conspiracy to traffic in cocaine (DE#12, Ex.F at 442), and was thus properly instructed on the state's burden of proof.

### Claim Two

As will be recalled, this claim is unexhausted and procedurally barred.

### Claim Three

Maignan asserts that the trial court erred in failing to grant a judgment of acquittal, because the state did not establish that there was an agreement between him and his brother to traffic in

cocaine. (DE#1 at 6; DE#2 at 10).

The standard for review of sufficiency of the evidence on a petition for state habeas corpus relief is whether the evidence presented, viewed in a light most favorable to the state, would have permitted a rational trier of fact to find the petitioner guilty of the crimes charged beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979); Smith v. White, 815 F.2d 1401 (11 Cir. 1987).

In Florida, a person may be found guilty of trafficking in cocaine if he knowingly sells, purchases, manufactures, delivers or brings into the state, or is knowingly in actual or constructive possession of, the proscribed amount of the drug. Fla.Stat. §893.135.

The elements of conspiracy require an express or implied agreement between two or more people to commit a criminal offense. Jimenez v. State, 535 So.2d 343 (Fla. 2 DCA 1988); State v. Brandon, 399 So.2d 459, 461 (Fla. 2 DCA 1981). Evidence of a formal agreement is not necessary; a conspiratorial agreement can be inferred from circumstantial evidence indicative of an overall

plan. LaPolla v. State, 504 So.2d 1353 (Fla. 4 DCA 1987).

Special Agent Heath Anderson of the Drug Enforcement Administration was contacted by confidential informant, Joseph Clark, who advised him that the petitioner, Fritz Maignan, was interested in purchasing a large amount of drugs. (DE#12, Ex.F at 39-40). Agent Anderson, Fritz Maignan, and his brother had a series of conversations and meetings during which they negotiated the purchase of two kilograms of cocaine. (DE#12, Ex.F at 40-41,48,53,58). One kilogram of cocaine was priced at $18,500 and the other kilogram was priced at $16,500 because it had gotten wet and was therefore of lesser quality. (Id. at 41). The petitioner told Anderson the difference in quality did not matter because he cooks the cocaine. (Id. at 42). The petitioner and his brother met with Agent Anderson and renegotiated the price of the cocaine, the kind of product, and the location for the transaction. (Id. at 43,53-54).

On the day of the scheduled purchase of drugs, both the petitioner and his brother arrived at a Denny's restaurant located in Hallandale Beach. (Id. at 91). The petitioner advised Agent Anderson that he had shown up for the transaction because he had

given his brother the money for the deal. (<u>Id</u>. at 91,94-95,98). Thereafter, the petitioner left the restaurant and Agent Anderson and the petitioner's brother continued with the transaction. (<u>Id</u>.). The petitioner's brother told Agent Anderson that the money was in his car, and requested that the agent accompany him to his car. (<u>Id.</u>). After Agent Anderson left Denny's, he observed surveillance officers pull the codefendant Katan Maignan over, and arrest him.

Agent Anderson subsequently contacted the petitioner, Fritz Maignan, and told him the deal had not gone through because his brother was sitting inside a car and refused to open the car door. (<u>Id</u>. at 98). Agent Anderson indicated that he would leave Denny's if the deal was not going to go through. (<u>Id</u>.). Thereafter, Agent Anderson observed the petitioner standing in the parking lot of the Denny's restaurant. (<u>Id</u>.). When Agent Anderson approached the petitioner, he began running, and a short foot chase ensued before the petitioner was apprehended and arrested. (<u>Id</u>. at 98-99).

In this case, the evidence taken in the light most favorable to the state clearly permitted a rational trier of fact to find Maignan guilty of conspiracy to traffic in cocaine beyond a reasonable doubt. <u>Jackson v. Virginia</u>, <u>supra</u>.

Claim Four

Maignan argues that the trial court erred in failing to grant a judgment of acquittal based on entrapment at the close of the evidence. (DE#1 at 6; DE#2 at 10).

After the state rested, counsel for both the petitioner and for his brother moved for judgment of acquittal based on the defense of entrapment. The trial court denied the motion holding:

> ...there has been sufficient evidence to go before the jury as to this case, that there is evidence to, certainly evidence that could find that the government did not induce the accused to commit the crime and that the defendants were predisposed to commit the offense to which they are charged, and there is factually a determination by a jury that a reasonable person can draw different conclusions or even conclude that the defendants were not entrapped or that they were not, that they were predisposed to commit the crime and not induced by the government to do that, and there is sufficient evidence as a matter of law.

(DE#12, Ex.F at 275).

In Florida, the defense of entrapment is codified at Section

777.201 of the Florida Statutes, as listed above. Section 777.201 codified the subjective test enunciated by Supreme Court in Sorrels v. United States, 287 U.S. 435 (1932). That is, for entrapment to exist, government officials must induce the defendant to commit the crime charged, and the defendant must be an otherwise innocent person who was not predisposed, and ready to commit the crime. Sorrels v. United States, 287 U.S. 435 (1932); Munoz v. State, 629 So.2d 90 (Fla. 1993); United States v. Lee, 694 F.2d 649, 653 (11 Cir. 1983).

The subjective test, is a matter for jury determination. Its second prong focuses on the predisposition of the defendant to commit the offense. United States v. Russell, 411 U.S. 423 (1973); Sherman v. United States, 356 U.S. 369 (1958), Munoz, supra. The defendant first has the burden of proving by a preponderance of the evidence that a government official induced him to commit the offense charged, and second, that he was not ready and willing, without persuasion, to commit the offense. Munoz, 629 So.2d at 99. Once the defendant makes such a showing, the burden shifts to the state to demonstrate beyond a reasonable doubt that the defendant was predisposed to commit the offense charged. Andrews, 765 F.2d 1491, 1499 (11 Cir. 1985). If the state is unable to prove

13

predisposition beyond a reasonable doubt, the defendant was entrapped as a matter of law. <u>Munoz</u>, 629 So.2d at 100. If questions of fact remain, the jury must determine whether the defendant was entrapped. <u>Id</u>.

The facts proffered by Maignan in this petition do not establish <u>prima facie</u> proof of entrapment. On page eleven of the supporting memorandum attached to his petition (DE#2), Maignan states that while he was working as a salesman at a New York City Footlocker, the confidential informant, Joseph Clark, went to the store on four or five occasions, and told Maignan that he had friends in Florida and that Maignan could make quick and easy money. Clark urged Maignan to come to Florida. Within days of his arrival in Florida, Maignan was contacted by Agent Anderson.

Maignan summarizes the trial testimony in his summary of the case. (Memo at 11-12). His testimony at trial did not indicate that he was simply an innocent person, unwilling to commit the crime but for the government official or agent's persuasive and engendering tactics. Maignan met the confidential informant, Joseph Clark, in New York. (DE#12, Ex.F at 296-97). Maignan was working as a salesperson/stocker in a Footlocker when Clark approached him

wanting to know if Maignan could get some drugs for him. (Id.). Maignan was unable to get the drugs Clark wanted. (Id.). Clark met with Maignan approximately four or five times thereafter. (Id.). At the last meeting, Clark told Maignan that he had a source of cocaine in Florida. (Id. at 298-299). Maignan purchased a one-way ticket to Florida to purchase drugs, and a few days after his arrival in Florida, Maignan contacted Agent Anderson, Clark's alleged cocaine source. (Id. at 299-301).

Moreover, as discussed in relation to claim three above, Maignan was willing to commit the crime when he participated in various meetings with his brother and Agent Anderson. There is nothing of record to suggest that Maignan was induced or was unwilling to participate in the crimes charged. The evidence adduced at trial was sufficient for a reasonable jury to conclude beyond a reasonable doubt that Maignan was predisposed to participate in the conspiracy independent of the state's role, and did not have an innocent mind prior to his contact with the confidential informant and Agent Anderson. See United States v. Miller, 71 F.3d 813, 814-815 (11 Cir. 1996)(the prompt commission of the crime at the first opportunity is enough to show predisposition).

15

## Conclusion

It is therefore recommended that this petition for writ of habeas corpus be denied.

Objections to this report may be filed with the Chief Judge within ten days of receipt of a copy of the report.

Dated: November 2, 2000

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Fritz Maignan, <u>Pro Se</u>
     DC#196119
     Glades Correctional Institution
     500 Orange Avenue Circle
     Belle Glade, FL 33430-5221

     August A. Bonavita, AAG
     Department of Legal Affairs
     1655 Palm Beach Lakes Blvd., #300
     West Palm Beach, FL 33401-2299