UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6043-CIV-JORDAN
MAGISTRATE JUDGE: SORRENTINO



FRITZ MAIGNAN,

Petitioner,

vs.

MICHAEL W. MOORE, Secretary,
Department of Corrections,
State of Florida,

Respondent.
_______________________________/

PETITIONER'S OBJECTIONS TO REPORT
OF MAGISTRATE JUDGE

Petitioner, FRITZ MAIGNAN, files this his Objections to Report of Magistrate Judge dated November 2, 2000 and received by him on November 6, 2000, and as grounds would show unto District Court.

I

Petitioner and Co-Defendant Karen Maignan were charged, tried, and convicted upon a jury verdict in Broward County Circuit Court rather than Palm Beach County Circuit Court for the offense of "Conspiracy to Traffic in Cocaine" [400 grams or more but less than 150 kilograms] as charged in the Information, which was erroneously indicated within the Magistrate's Report

II

The gravamen of improper jury instruction on Conspiracy to Trafficking in Cocaine is evidenced on face of the record, where, the trial court improperly stated the elements of proof of that





offense and defense of entrapment, viz:

> Before you can find the defendants Katan Maignan and/or Fritz Maignan guilty of criminal conspiracy, the State must prove the following two elements beyond a reasonable doubt:
>
> One, the attempt of Katan Maignan and Fritz Maignan was that the offense of trafficking in cocaine would be committed. Two, in order to carry out the attempt, Katan Maignan and Fritz Maignan agreed, conspired, combined, or confederated with each other or others unknown to the State's Attorney's Office to cause trafficking in cocaine to be committed, either by them or one of them or by some other person, or one, it is not necessary that the agreement, conspiracy, combination, confederation to traffic in cocaine be expressed in words or that words passed between the conspirators.
>
> It is not necessary for the defendants to act in furtherance of the offense conspired.
>
> It is a defense to the charge of criminal conspiracy that Katan Maignan or Fritz Maignan had a conspiracy without one or more persons to commit to trafficking in cocaine, persuaded each other not to do so or otherwise prevented the commission of trafficking in cocaine.

(R 442-443) The court proceeded to instruct on entrapment:

> The defense of entrapment has been raised. Katan Maignan and Fritz Maignan were entrapped if one, they were, for the purpose of obtaining evidence of the commission of a crime, induced or encouraged to engage in conduct constituting the crime of conspiracy to traffic in cocaine.
>
> And two, they engaged in such conduct as a direct result of such inducement or encouragement, and three, the person who induced or encouraged them was a law enforcement officer or a person engaged in, cooperating with or acting as an agent of a law enforcement officer, and four, the person who induced or encouraged them and employed methods of persuasion or inducement or created a substantial risk that the crime would be committed by a person other than the one who

> was ready to commit it.
>
> Five, Katan Maignan and Fritz Maignan were not persons who were ready to commit the crime.

(R 443-444) The Court proceeded to negate the defense of entrapment by stating:

> It is not entrapment if Katan Maignan and Fritz Maignan had the predisposition to commit conspiracy to traffic -- Katan Maignan and Fritz Maignan had the predisposition if before any law enforcement officer acting for the officer persuaded, induced or lured Katan Maignan and Fritz Maignan, he had a readiness and willingness to commit conspiracy to traffic in cocaine and the opportunity presented itself. It is also not entrapment merely because a law enforcement officer in good faith attempted to commit the crime:
>
> [A] provided the defendant with the opportunity, means and facilities to commit the offense which the defendants attempted to commit or would have committed otherwise.
>
> [B] used decoys or subterfuge to expose the defendants' criminal acts.
>
> [C] was present to aid and assist in the commission of the offense.
>
> On the issue of entrapment the defendants must prove to you by a preponderance of the evidence that the criminal conduct occurred as a result of the entrapment.

(R 445-446)

That portion on entrapment undermined [illegible] by lessening the requirement of [illegible] the conviction null and avoid as a [illegible] which [illegible] [illegible]

[illegible]

[illegible] State [illegible] beyond a reasonable [illegible] United States v. [illegible], [illegible] F.2d [illegible] (9th Cir. [illegible]). Thus, the court failed to instruct the jury on objective [illegible] defense of entrapment. [illegible] v. State, [illegible] So.2d [illegible] (Fla. 4th DCA 1999).

III

Because the crime of conspiracy requires a concert of action among two or more persons for a common purpose, the mere agreement of one person to buy what another agrees to sell, standing alone, does not support a conspiracy conviction.

The evidence was not controverted that Petitioner had declined to do business" or purchase the [alleged] kilo of cocaine offered by the [undercover agent] "seller." Petitioner believed that the "seller" was acting with deceit and fraud (common in street drug marketing schemes) and allowed an "estoppel defense" as a matter of law. Petitioner had made a clear cut intent to cease and desist from any alleged act [illegible] actions, or otherwise to participate in the purchase of [illegible] His prior statement of not being concerned [illegible] cocaine being wet or dry was classic "puff" and "bluff" of an inexperienced person in a vain attempt to be "macho" with the marketing of street drugs worthy of an "Tony Award" for being the best actor of the year for the grand performance at the "Theater of the Absurd." Cf. United States v. Ford, 324 F.2d 950, 952 (7th Cir. 1963).

IV

Under federal law the entrapment defense is a subjective

standard. Florida courts apply the two-prong objective and objective defense standard in determining entrapment. See Myers v. State, 494 So.2d 517 (Fla. 4th DCA 1986)(quoting Cruz v. State, 465 So.2d 516, 520-22 (Fla. 1985)) and Soohoo v. State, 737 So.2d 1108, 1109-10 (Fla. 4th DCA 1999)(quoting Munoz v. State, 629 So.2d 90 (Fla. 1993)).

The Magistrate failed to take judicial notice of Shoohoo, which that court likened to Anders v. State, 596 So.2d 463 (Fla. 4th DCA 1992), in considering the factual and legal claims "beyond a reasonable doubt" in its review. Cf, Herrera v. LeMaster, 225 F.3d 1176, 1179 (10th Cir. 2000)[State court and district court failed to apply Chapman v. California, 386 U.S. 18, 24, 87 S.Ct 824, 17 L.Ed.2d 705 (1967) standard of "harmless beyond a reasonable doubt" review of claims for habeas relief].

Petitioner had shown a lack of predisposition and government inducement through the "agent provocateur" that came up to New York from Florida to "troll for fish to lure into the entrapment net." "Inducement may arise from persuasion, fraudulent representations, threats, coercive tactics, harassment, promises of reward, or pleas based on need, sympathy or friendship." United States v. Mendoza-Salgado, 964 F.2d 993, 1004 (10th Cir. 1992), Anders v. State, supra.

In Mathews v. United States, 485 U.S. 58, 108 S.Ct. 883, 99 L.Ed.2d 54 (1988), the Court held that the defendant, who denied the intent of the offense with which he was charged, was nevertheless entitled to an instruction on the defense of

entrapment. Mathews did not deny the <u>act</u> - but only the intent element. On remand, the trial court concluded that he had presented sufficient evidence of entrapment.

V

Florida Statutes, Section 893.135(5) (1993), required that the court explicitly state within the jury instructions for the it to make the definitive finding as to the amount/weight of cocaine that was intended to be "trafficked" by petitioner. The jury was required to make this specific finding in its verdict, rather than state "as charged in the information." <u>Accord</u> State v. Tripp, 642 So.2d 728, 730 (Fla. 1994) and <u>Riley v. State</u>, 654 So.2d 623 (Fla. 5th DCA 1995), rev. <u>denied</u>, 659 So.2d 1086 (Fla. 1995)["As charged in the information" is impermissible finding of facts to support enhancement provisions of the statute].

VI

The jury was <u>not</u> properly instructed to determine amount of cocaine charged in the Information. In the prosecution for the offense of "Trafficking in Cocaine in 400 grams or more but not less than 150 kilograms", Standard Jury Instructions and decisional law required that the jury be instructed on the lesser included offenses with lesser amounts, <u>State v. Weller</u>, 590 So.2d 923 (Fla. 1991); <u>Gonzales v. State</u>, 617 So.2d 847 (Fla. 4th DCA 1993); and <u>Estevez v. State</u>, 713 So.2d 1039 (Fla. 3d DCA 1998), approved, 719 So.2d 893 (Fla. 1998). Fundamental error is evidenced on face of record, even without the contemporaneous objection by the State or defense counsel, warrants a new trial, perforce of State v. <u>Weller</u>.

590 So.2d at 927, where the Court held:

> ... Florida law provides for a greater mandatory minimum sentence and a greater fine, determined by the quantity of the substance involved in the offense. Compare Sec. 893.125(1)(b) with Sec. 893.135(4), Fla Stat. (1983). In other words, the two offenses of conspiring to traffic in amounts less than 400 grams are necessarily lesser included offenses of the crime with which Weller was charged.
>
> Thus, before the trial court can impose sentence on a defendant when enhancements of this type are authorized, the trial court must inform the jury that the minimum mandatory punishment for the offense is greater depending upon the quantity of the substance involved. The jury then must determine the quantity of contraband involved in the commission of the offense, in effect advising the court as to the appropriate penalty.

The Court unmistakenly held that a trial court is required to give a proper jury instruction embracing the lesser included offenses. The failure to do so constituted "fundamental error" of constitutional dimension under the Due Process Clauses of Florida and United States Constitutions.

> Thus, the requested instructions on the amounts less than 400 grams should have been given so the appropriate minimum mandatory sentence could have been imposed, based on the jury's determination of the amount of cocaine involved. The court erred in determining otherwise.

State v. Weller, 590 So.2d at 927.

VII

Jury was not instructed nor was a special jury verdict form provided to jury to make an explicit finding of the amount in its verdict that was required by decisional law of State v. Weller and

the Standard Jury Instructions, 543 So.2d 1205, 1241 (Fla. 1989) as well as the Notice Clause of state and federal constitutions for the jury to be given the opportunity to consider and choose a verdict in accordance with the dictates of the jurors' conscience and evidence or lack of evidence in the trial.

The proper special jury verdict forms should have been given to the jury, viz:

> 1. Guilty of the crime charged - conspiracy to traffic in over 400 grams but less than 150 kilograms of cocaine;
> 2. Guilty of the lesser include offense - conspiracy to traffic in more than 200 but less than 400 grams;
> 3. Guilty of the lesser included offense - conspiracy to traffic in more than 28 but less than 200 grams;
> 4. Not guilty.

Without a special jury verdict form provided to the jury, judgment of conviction and sentence for "Conspiracy to Traffic in 400 Grams but less than 150 kilograms of Cocaine" was void ab initio and lacked evidentiary support under the Due Process Clauses of Florida and United States Constitutions for the conviction and sentence.

VIII

With improper jury instructions and lack of proper special jury verdict forms, the conviction was deficient under Jackson v. Virginia, 443 U.S. 307 (1979).[1] The fact-finding process was

---

[1] Florida Statutes, Sections 893.135(5) and 893.135(1)(b) [cocaine amounts/grades of punishment] affect sentencing viz: a) 28 grams up to 200 grams, $50,000 fine (Sentencing Guidelines Sentence); b) 200 grams up to 400 grams, $100, 000 fine (Sentencing Guidelines Sentence); c) 400 grams up to 150 kilograms, $250,000 fine (Mandatory 15 years - No Sentencing Guidelines Sentence). Jurors weren't given special verdict forms for lesser included offenses to allow the lesser sentence options.

tainted by these constitutional infirmities, which, unquestionably, the "substantial rights" of the petitioner were affected. Accord Apprendi v. New Jersey, _So.2d _, 120 S.Ct. 2348, 147 L.Ed. 2d 435 (2000), which retrospectiveness was indicated for direct and collateral cases by Justice O'Connor in her dissenting opinion. _U.S._, 120 S.Ct. at 2366 (O'CONNOR, dissenting), as well as being retrospectively applied by the Court in Jones v. United States, _U.S. _, 120 S.Ct. 2739 (2000). See also United States v. Meshack, 225 F.3d 555 (5th Cir. 2000); United States v. Murphy, 109 F.Supp.2d 1059 (D. Minn. 2000); Dose v. United States, 112 F.Supp.2d 398, 402 (D.N.J. 2000).

WHEREFORE, the Magistrate Report and Recommendation should be OVERRULED and remanded with directions to grant the writ of habeas corpus.

Fritz Maignan, DC#196119
Glades Correctional Institution
500 Orange Avenue Circle
Belle Glade, Fl 33430-5221

Petitioner Unrepresented

VERIFICATION

UNDER PAIN AND PENALTY OF PERJURY I hereby verify that the matters set forth and pleaded are true and correct.

WITNESS my hand and seal this 14th day of November, 2000, at Belle Glade, Palm Beach County, Florida

Fritz Maignan, Petitioner

November 14, 2000

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing PETITIONER'S OBJECTIONS has been mailed this 14th day of November, 2000, to AUGUST A. BONAVITA, AAG, Department of Legal Affairs, 1655 Palm Beach Lakes Boulevard, Rm 300, West Palm Beach, FL 33401-2299.

Fritz Maignan, DC#196119
Glades Correctional Institution
500 Orange Avenue Circle
Belle Glade, Fl 33430-5221

Petitioner Unrepresented

Calvin Carlos Campbell
Document Preparer