UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6043-CIV-JORDAN

FRITZ MAIGNAN )
)
Petitioner )    **CLOSED**
)
vs. )    **CIVIL**
)
MICHAEL MOORE )    **CASE**
)
Respondent )
_____ )

**FINAL JUDGMENT DENYING HABEAS CORPUS PETITION**

The magistrate judge has recommended that Fritz Maignan's habeas corpus petition be denied [D.E. 15], and Mr. Maignan has filed objections to the report [D.E. 16]. After a de novo review of the record, including a complete review of the trial transcript, I agree that Mr. Maignan's petition must be denied. I adopt the magistrate judge's report as to Mr. Maignan's contentions that he was denied the effective assistance of appellate counsel and that he was entitled to a judgment of acquittal because he had been entrapped as a matter of law, and add the following comments on Mr. Maignan's other claims.

Mr. Maignan argues that the pre-1998 standard entrapment instruction given by the trial judge improperly placed on him the burden of proving entrapment by a preponderance of the evidence. The entrapment instruction given by the trial court did not correctly state Florida law on the shifting burdens of proof, *see Holiday v. State,* 743 So.2d 1264, 1268 (Fla. 2000), and the magistrate judge erred in concluding otherwise [D.E. 15 at 6-8]. Nevertheless, Mr. Maignan is not entitled to relief because the trial transcript shows that his counsel agreed to the wording of the

instruction. At the charge conference, Mr. Maignan's counsel told the trial court that the entrapment instruction was fine [D.E. 12, Exh. F at 290]. And prior to the trial court instructing the jury, Mr. Maignan's counsel represented that the instructions had been agreed to [D.E. 12, Exh. F at 440]. In *Holiday*, which like this case was a narcotics prosecution, the Florida Supreme Court held that because entrapment is an affirmative defense, the giving of the pre-1998 pattern entrapment instruction does not constitute fundamental error which can be corrected in the absence of an objection. *See* 753 So.2d at 1269-70. For the reasons set forth in *Holiday*, which I find persuasive, Mr. Maignan was not denied a fair trial as a result of the pre-1998 pattern entrapment instruction. *Cf. United States v. King*, 73 F.3d 1564, 1569-71 (11th Cir. 1996) (rejecting claim that Eleventh Circuit entrapment jury instruction was deficient because it did not describe the shifting burdens of proof).

Mr. Maignan's other argument, that the evidence was insufficient to convict him of conspiracy, is meritless. First, Mr. Maignan made calls to the undercover DEA agent by himself [D.E. 15, Exh. F at 41-42] and with his brother, Katan Maignan (who was his co-defendant) [D.E. 15, Exh. F at 48]. Second, Mr. Maignan and his brother met with the undercover agent on August 9, 1995, to negotiate the price of the two kilograms of cocaine [D.E. 15, Exh. F at 53-58, 358]. Third, both Mr. Maignan and his brother spoke to the undercover agent on August 10, 1995, concerning the location of the transaction and who was going to be there [D.E. 15, Exh. F at 62-75]. Fourth, both Mr. Maignan and his brother met the undercover agent on August 11, 1995, to obtain the narcotics [D.E. 15, Exh. F at 92-96]. In addition to all of this evidence, the jury was free to reject the testimony of Mr. Maignan [D.E. 15, Exh. F at 294-341] and his brother [D.E. 15, Exh. F at 342-71]. *See, e.g., United States v. Alejandro*, 118 F.3d 1518, 1520-21 (11th Cir. 1997).

Finally, I note that in his objections Mr. Maignan has raised four new arguments (claims 5-8) concerning the jury instructions and the verdict form. Because they were not included in Mr. Maignan's habeas corpus petition, these new arguments will not be considered.

The petition for a writ of habeas corpus [D.E. 1] is DENIED. This case is closed.

Done and ordered in chambers at Miami, Florida, this 21st day of November, 2000.

*[signature]*
Adalberto Jordan
United States District Judge

Copies to Magistrate Judge Charlene Sorrentino, Fritz Maignan (# 196119, Glades Correctional Institution, 500 Orange Avenue Circle, Belle Glade, Florida 33430-5221), and August Bonavita, Esq.